UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| EVANSTON INSURANCE COMPANY, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>WESTCHESTER SURPLUS LINES INSURANCE COMPANY, et al.,<br><br>Defendants. | No. C07-0923MJP<br><br>ORDER GRANTING ROYAL INDEMNITY COMPANY'S MOTION TO SET ASIDE DEFAULT ORDER |

This comes before the Court upon Defendant Royal Indemnity Company's ("Royal") motion to set aside the state court's default order. Upon review of the record (Dk. Nos. 1, 9-16) and the documents submitted by the parties, the Court GRANTS Royal's motion. Royal's failure to respond to the state court action was apparently an inadvertent mistake, Royal has shown a meritorious defense to the lawsuit, and Plaintiffs would not be prejudiced if the default were set aside.

**Background**

On June 26, 2002, three construction workers were injured when a personnel hoist malfunctioned at the Lincoln Square construction site in Bellevue, Washington. Bellevue Master, LLC was the general contractor for this construction job, while Champion Elevators, Inc. and Northwest Tower Crane Service, Inc. were subcontractors. American Guarantee and Liability Insurance

ORDER - 1

Company was the insurer for Bellevue Master, Evanston Insurance Company was the insurer for Champion Elevators, and both Westchester Surplus Lines Insurance Company and Royal were the insurers for Northwest Crane.

Evanston Insurance and American Guarantee ultimately paid substantial sums to settle the injured workers' claims against Champion Elevators and Bellevue Master. These two insurance companies then filed the present lawsuit in Washington state court, seeking contribution from Defendants Westchester Insurance and Royal. Their theory was that Champion Elevators and Bellevue Master qualified as "additional insureds" on the policies that Defendants had with Northwest Crane, and therefore Defendants must contribute to the settlement of the claims against Champion Elevators and Bellevue Master.

However, Royal never responded to Plaintiffs' complaint. Why this is so remains a mystery. Electronic records show that the complaint was uploaded to a central website, and one of Royal's agents apparently viewed the complaint. However, the complaint was never forwarded to Royal's claims department, per their usual practice. Royal's claims manager stated that no one at Royal knew what had happened to the complaint – it appears simply to have been misplaced en route to the claims department. In any event, because Royal never responded to the complaint, the state court issued an order of default against Royal on January 8, 2007.

On May 15, 2007, Plaintiffs filed an amended complaint in state court. Defendants removed the action to this Court on June 14, 2007. Royal now moves for this Court to set aside the default order that the state court had levied against it back in January 2007.

ORDER - 2

## Discussion

A Federal court may set aside an entry of default "for good cause shown." See Fed. R. Civ. P. 55(c). Federal courts may use this power to set aside state court entries of default that occurred prior to removal. See Harter Twp. v. Kernochan, 103 U.S. (13 Otto) 562, 566 (1880); Azzopardi v. Ocean Drilling & Exploration Co., 742 F.2d 890, 895 (5th Cir. 1984).

In applying the Rule 55 "good cause" standard, a court must consider: (1) whether the defendant's culpable conduct led to the default; (2) whether the defendant has a meritorious defense; and (3) whether reopening the default would prejudice the plaintiff. TCI Group Life Ins. Plan v. Knoebber, 244 F.3d 691, 696 (9th Cir. 2001). If any of these factors do not tip in the defendant's favor, the court may refuse to set aside the default. See Franchise Holding II, LLC v. Huntington Restaurants Group, Inc., 375 F.3d 922, 926 (9th Cir. 2004). However, in making this inquiry, the court must "resolve all doubt in favor of setting aside the entry of default and deciding the case on its merits." O'Conner v. Nevada, 27 F.3d 357, 363 (9th Cir. 1994).

### A. Royal's culpable conduct did not lead to the default.

The Ninth Circuit considers a defendant's conduct to be "culpable" for Rule 55 purposes "if he has received actual or constructive notice of the filing of the action and *intentionally* failed to answer." TCI, 244 F.3d at 698 (emphasis in original). In this case, Royal has provided a sworn affidavit from their claims manager that Royal's failure to respond was not intentional. Rather, the complaint was simply lost en route to Royal's claims department – a freak mistake that has occurred just one other time in recent years. Weighed against this affidavit, Plaintiffs have provided nothing to suggest that Royal's failure to respond *was* intentional. Therefore, Royal has carried its burden of showing that its default was not the result of any culpable conduct.

ORDER - 3

**B.     Royal has a meritorious defense.**

A party's burden to show a meritorious defense for Rule 55 purposes "is not extraordinarily heavy." TCI, 244 F.3d at 700.  The asserted defense simply must be strong enough such that continued litigation "would not be a wholly empty exercise." Id.

Under this standard, Royal has put forth a meritorious defense.  It has made a credible argument that neither Champion Elevators nor Bellevue Master was an "additional insured" party under Royal's policy with Northwest Cranes, and therefore Royal need not contribute to Champion Elevators' and Bellevue Master's settlements.

Regarding Champion Elevators, Royal points out that the contract purporting to make Champion Elevators an additional insured party was never signed or executed.  Regarding Bellevue Master, Royal points out that the documents purporting to make Bellevue Master an additional insured party dealt with tower crane operations.  But the accident here occurred during personnel hoist operations, not tower crane operations, and appears not to be covered by the tower crane documents.

Whether these defenses will ultimately succeed is not presently before the Court.  The issue is simply whether Royal's defenses are strong enough to warrant further litigation.  TCI, 244 F.3d at 700.  Based on Royal's detailed argument about the scope of the applicable contracts, further litigation is warranted.  Royal's defense is thus considered "meritorious" for purposes of Rule 55.

**C.     Plaintiffs would not be prejudiced by setting aside the default.**

Setting aside a default "prejudices" a plaintiff under Rule 55 if "plaintiff's ability to pursue his claim will be hindered." TCI, 244 F.3d at 701.  The Ninth Circuit has cautioned that a plaintiff will

ORDER - 4

rarely be prejudiced under this standard "[a]bsent a showing of some evidentiary or financial loss." American Ass'n of Naturopathic Physicians v. Hayhurst, 227 F.3d 1104, 1109 n.2 (9th Cir. 2000).

Plaintiffs do not argue that they will be prejudiced by setting aside the entry of default, apparently conceding this element of the Rule 55 standard. The Court agrees with this concession. There is no indication that setting aside the default would harm Plaintiffs' ability to pursue their claims from either an evidentiary or financial standpoint. Cf. Franchise Holding, 375 F.3d at 926-27 (declining to set aside default where doing so would allow defendant to move and hide assets).

**Conclusion**

Royal has satisfied the elements for setting aside an entry of default under Rule 55. The default was not a result of Royal's culpable conduct, Royal has a meritorious defense to the lawsuit, and setting aside the default would not prejudice Plaintiffs. For these reasons, the Court GRANTS Royal's motion to set aside the state court's entry of default.

The Clerk is directed to send copies of this order to all counsel of record.

Dated: July 24, 2007.

                              s/Marsha J. Pechman
                              Marsha J. Pechman
                              United States District Judge

ORDER - 5