UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| EVANSTON INSURANCE COMPANY, et al., <br><br> Plaintiffs, <br><br> v. <br><br> WESTCHESTER SURPLUS LINES INSURANCE COMPANY, et al., <br><br> Defendants. | CASE NO. C07-923 MJP <br><br> ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR FEES AND OTHER RELIEF |

This matter comes before the Court on Plaintiff American Guarantee and Liability Insurance Company's ("American Guarantee") motion for attorney fees and other relief. (Dkt. No. 217.) Having reviewed the motion, Defendant Westchester Surplus Lines Insurance Company's ("Westchester") and Defendant Royal Insurance Company's ("Royal") responses (Dkt. Nos. 223, 228), the reply (Dkt. No. 230), and all related papers, the Court GRANTS in part and DENIES in part the motion.

\\

\\

ORDER GRANTING IN PART AND DENYING IN
PART PLAINTIFF'S MOTION FOR FEES AND
OTHER RELIEF- 1

**Background**

This aging case traces its roots to an accident in 2002 involving a personnel hoist that injured several individuals at a worksite in Bellevue. Bellevue Master was the general contractor at the site for which Northwest Tower and Crane ("NWTC") provided subcontracting work. While dismantling a hoist at the jobsite, three NWTC employees were injured when the hoist malfunctioned. All three sued the manufacturer of the personnel hoist, who then filed a third-party action against Bellevue Master and NWTC. Bellevue Master's insurer, American Guarantee, contributed over $3 million towards a settlement of the injured workers' claims and made full payment by August 19, 2004. American Guarantee then started this lawsuit against NWTC's insurers, Royal and Westchester in July 2006, seeking equitable contribution. It sought an order naming Bellevue Master as an additional insured on both policies on a primary and non-contributory basis, and a judgment in its favor for the limits of both the Royal and Westchester policies. The remaining policy limits are $1,000,000 for Royal and $850,000 for Westchester, given that it made $150,000 contribution to the settlement.

Bellevue Master has primarily litigated the issue of whether it is an additional insured on the Royal and Westchester policies. It could become an additional insured only if there was a written agreement executed prior to the loss requiring it to be named as an additional insured. After holding a bench trial, the Court found in favor of the Defendants. The Ninth Circuit reversed. It found that a faxed letter dated February 22, 2001, from Bellevue Master to NWTC was an offer to NWTC for it to perform work in exchange for naming Bellevue Master as an additional insured. (Dkt. No. 202 at 3.) The Ninth Circuit found this offer was accepted by NWTC's performance and thus Bellevue Master was an additional insured. The Ninth Circuit did not consider whether Royal and Westchester's obligations were primary to American

ORDER GRANTING IN PART AND DENYING IN
PART PLAINTIFF'S MOTION FOR FEES AND
OTHER RELIEF- 2

Guarantee's, though American Guarantee has sought such a ruling in this case. The Ninth Circuit then remanded the case for a decision on American Guarantee's request for fees, costs, and other relief that it filed in the Ninth Circuit. American Guarantee now seeks an order awarding it judgment in its favor, attorneys' fees, and both pre-judgment and post-judgment interest.

**Analysis**

A.  Amount of Judgment

In finding the award of judgment to American Guarantee proper, the Court first concludes that Royal and Westchester owe a duty of coverage that is primary to American Guarantee's coverage obligations. The issue has been extensively briefed by all parties and the issue is ripe for a decision even though the Court declined to accept a stand-alone summary judgment motion on the issue.

In situations where multiple policies provide coverage, a court must determine whether the policies provide the same layer of coverage, or whether the policies provide multiple layers of coverage—i.e.; primary or excess coverage. THOMAS V. HARRIS, WASHINGTON INSURANCE LAW § 51.1 (Matthew Bender ed., 2nd ed. Lexis 2006). If the policies clearly allocate the responsibility between the insurers on the basis of being primary or excess, then the primary insurer is liable for the full amount up to the policy limit before another excess insurer has a duty to pay. Id. In considering a similar dispute involving Defendants' insured, this court held that if the contract required the subcontractor's liability insurance to be primary with respect to the general contractor's, it was to be primary. Arch Ins. Co. v. Scottsdale Ins. Co., No. C09–0602 RSM, 2010 WL 4365817, at *2 (W.D. Wash. Oct. 27, 2010).

1    The Court finds American Guarantee's responsibility to provide coverage was in excess
2 to both Royal and Westchester's duty to provide insurance on a primary and non-contributory
3 basis. The Ninth Circuit concluded that a unilateral contract naming Bellevue Master as an
4 additional insured on NWTC's policies was formed from NWTC's acceptance of an offer in a
5 letter from Sue Yancey to NWTC on February 22, 2001. That letter required NWTC to name
6 Bellevue Master as an additional insured on a primary basis, with American Guarantee's
7 coverage as excess only. Yancey wrote: "insurance afforded to the additional insured shall be as
8 primary insurance over any other valid and collectible insurance that the additional insured
9 m[a]y have with respect to loss under the policy." (Pl. Trial Ex. 7.) The language
10 unambiguously requires NWTC's insurers to provide primary coverage to Bellevue Master. The
11 Court finds that Royal and Westchester had to satisfy their policy limits before American
12 Guarantee had to contribute to the settlement. As such, American Guarantee is entitled to
13 judgment against Westchester in the amount of $850,000 and Royal in the amount of $1,000,000.
14 The Court finds these are the proper amount of the principle judgment against both Defendants
15 and GRANTS the motion on this issue.

16 B.    Prejudgment Interest

17    "Prejudgment interest is available (1) when an amount claimed is 'liquidated' or (2) when
18 the amount of an 'unliquidated' claim is for an amount due upon a specific contract for the
19 payment of money and the amount due is determinable by computation with reference to a fixed
20 standard . . . without reliance on opinion or discretion." Polygon NW Co. v. Am. Nat. Fire Ins.
21 Co., 143 Wn. App. 753, 790-91 (2008) (quotation omitted). "A settlement made in an
22 underlying lawsuit is generally liquidated with respect to subsequent indemnity claims." Id. at
23 791. The Court in Polygon concluded that prejudgment interest is properly awarded where there
24

ORDER GRANTING IN PART AND DENYING IN
PART PLAINTIFF'S MOTION FOR FEES AND
OTHER RELIEF- 4

is a claim for equitable allocation among excess insurers for responsibility of a fixed settlement amount. However, the Court is not without discretion to reduce or deny prejudgment interest. See Colonial Imports v. Carlton NW, Inc., 83 Wn. App. 229, 245 (1996). Suspension of prejudgment interests is usually only imposed when there is unreasonable delay in prosecuting the case or in prosecuting matters that are unrelated to the case itself. See id. at 246.

The Court finds an award of prejudgment interest proper given that the damages here were liquidated. The amount at issue was concretely established when American Guarantee completed its payment to the settlement of $3,175,000 by August 19, 2004. The facts here are almost identical to those in Polygon, where the amount of the settlement was fixed and thus liquidated. The Court finds the amount liquidated and prejudgment interest properly awarded. The Court also does not find American Guarantee's delay from the date it made payment to the date it filed this lawsuit a basis to reduce the prejudgment interest. There is no evidence of unreasonable delay, and no reason to reduce the prejudgment interest award.

The Court awards prejudgment interest from August 19, 2004 to the date of this order. The Court calculates the interest by using a daily interest rate of 0.033% applied over a period of 2910 days (the number of days from August 19, 2004 to August 6, 2012). The Court awards prejudgment interest in the following amounts: (1) as to Royal, the amount is $960,300; and (2) as to Westchester, the amount is $816,225. The Court also finds an award of post-judgment interest authorized by 28 U.S.C. § 1961 proper. The interest rate is 0.17%, the weekly average for 1-year constant maturity Treasury yield for the week ended August 3, 2012. See 28 U.S.C. § 1961(a). On this issue the Court GRANTS the motion.

C. <u>Attorneys' Fees</u>

American Guarantee is not entitled to attorneys' fees under Olympic S.S.

1    Claims for equitable contribution, as brought here, do not entitle the plaintiff to attorneys'
2 fees. "The equitable basis established in <u>Olympic Steamship</u> for attorney fee awards is limited to
3 efforts necessary to establish coverage for claims against the insured and is based on the rights of
4 the insured." <u>Polygon</u>, 143 Wn. App. at 795-96. "[C]laims for equitable contribution against
5 jointly liable co-insurers—[are] claims that arise from the rights of the overpaying insurer, not
6 from the rights of the insured." <u>Id.</u> at 795. The rule of Olympic Steamship has never been
7 extended to include equitable contribution claims between insurers." <u>Id.</u> at 796. "No such
8 extension is warranted." <u>Id.</u>

9    American Guarantee pursues only claims for equitable contribution and/or
10 apportionment, which do not entitle it to <u>Olympic S.S.</u> fees. American Guarantee sued two
11 insurers to make contributions to a settlement it made on behalf of its insured. While American
12 Guarantee is subrogated to its insured, its insured has no valid claim for wrongful denial of
13 coverage against the Defendants because it never suffered any damages from Defendants' denial
14 of coverage. Rather, American Guarantee indemnified its insured to the fullest and filed this
15 lawsuit to recover a portion of its payment on the theory of equitable apportionment. The cases
16 American Guarantee cites in support of its contrary position are all distinguishable. Each
17 involves a situation where the insured sued its own insurer for wrongful denial of coverage and
18 where the insured was forced to defend itself without any coverage—i.e., incur actual damages.
19 While an insurer might bring such a claim as subrogee standing in the shoes of another party,
20 that party must actually have incurred some damages as a result of the wrongful denial. That is
21 not the scenario here. The rule in <u>Polygon</u> applies, and the Court finds no valid basis on which
22 to award attorneys' fees. The Court DENIES this portion of the motion.

23

24

1  The Court does permit American Guarantee to file a request for costs under Rule 54 and 28 U.S.C. § 1920 and § 1923, as requested. (Dkt. No. 217 at 12.) The motion must be filed by no later than August 15, 2012, and noted and briefed in accordance with Local Rules CR 7(d)(3) and 54(d).

**Conclusion**

The Court GRANTS in part and DENIES in part the motion. American Guarantee has established that its insured was an additional insured on a primary and non-contributory basis on the Royal and Westchester policies. Those insurers owe their policy limits to contribute toward the settlement of claims brought against American Guarantee's insured. They must also pay prejudgment interest. Defendants are not obligated to pay attorneys' fees, as American Guarantee has failed to demonstrate its entitlement to Olympic S.S. fees.

The Court enters judgment in the following amounts: (1) Against Royal in the amount of $1,000,000 in principle and $960,300 in prejudgment interest; and (2) Against Westchester in the amount of $850,000 in principle and $816,255. The Court also GRANTS Plaintiff's request for post-judgment interest pursuant to 28 U.S.C. § 1961, at a rate of 0.17%. The Court permits Plaintiffs to file a motion for costs pursuant to Rule 54(d) and 28 U.S.C. § 1920 and § 1923. The motion for costs must be filed by no later than August 15, 2012.

The clerk is ordered to provide copies of this order to all counsel.

Dated this 7th day of August, 2012.

Marsha J. Pechman
United States District Judge